## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| Valerie P. Crute, | Civil Action No. |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| TD Bank USA, N.A., Trans Union, LLC and Equifax Information Services, LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Valerie P. Crute (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, TD Bank USA, N.A. ("TD Bank"), Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the New Jersey Fair Credit Reporting Act, N.J. Stat. §56:11-28, et sq. (the "NJ FCRA"), and other claims related to unlawful credit reporting practices. The FCRA and NJ FCRA prohibits furnishers and credit reporting agencies ("CRAs") from falsely and inaccurately reporting consumers' credit information.

## PARTIES

2. Plaintiff, Valerie P. Crute, is an adult citizen of New Jersey, domiciled in Newark, NJ.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant TD Bank was, and is at all relevant times herein, a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant Trans Union, a limited liability company, is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA and is one of the largest CRAs in the world.

6. Defendant Equifax, a limited liability company, is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA and is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in New Jersey.

## **FACTUAL ALLEGATIONS**

9. Defendant TD Bank issued an account ending in 4958 to Plaintiff.  The account was routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about February 13, 2020, Plaintiff and Admin Recovery, LLC, on behalf of TD Bank, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

12. Pursuant to the terms of the settlement, Plaintiff was required to make one (1) lump sum payment totaling $4,886.98 to settle and close her TD Bank account.

13. Plaintiff, via her debt settlement representative, timely made the requisite settlement payment.

14. However, over a year later, Plaintiff's TD Bank account continued to be negatively reported.

15. In particular, on requested credit reports dated September 14, 2020, Plaintiff's TD Bank account was reported with a status of "CHARGE OFF," a balance of $11,365.00, and a past due balance $11,365.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit B**.

16. This tradeline was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

17. On or about October 30, 2020, Plaintiff, via her attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's TD Bank account. A redacted copy of the dispute letter is attached hereto as **Exhibit C**.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by TD Bank to credit reporting agencies in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In December of 2020, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's TD Bank account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portions of the December 2020 credit reports are attached hereto as **Exhibit D**.

20. Upon information and belief, Trans Union and Equifax did not notify TD Bank of the dispute by Plaintiff in accordance with the FCRA and NJ FCRA.

21. Alternatively, if Trans Union and Equifax did notify TD Bank, TD Bank failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

22. If TD Bank had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's TD Bank account would have been updated to reflect a "settled" status with a balance of $0.00.

23. Despite the fact that TD Bank has promised through its subscriber agreements or contracts to accurately update accounts, TD Bank has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

24. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question, thus violating the FCRA and the NJ FCRA. These violations occurred before, during, and after the dispute process began with Trans Union and Equifax.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **FIRST CAUSE OF ACTION**
### (Fair Credit Reporting Act)

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

29. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

30. TD Bank is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

31. TD Bank is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

32. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

33. TD Bank failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

34. TD Bank failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

35. Trans Union and Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

36. Trans Union and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

38. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

### SECOND CAUSE OF ACTION
(New Jersey Fair Credit Reporting Act)

39. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

40. Trans Union and Equifax failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30-day statutory period as required by NJ FCRA, N.J. Stat. §C.56:11-36f(1).

41. Trans Union and Equifax failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiff's disputes as required by NJ FCRA, N.J. Stat. §C.56:11-36(a) and N.J. Stat. §C.56:11-36 (e).

42. As a result of the above violations of the NJ FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score and credit rating, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card

application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

43. As a result of the above violations of the NJ FCRA, Trans Union and Equifax are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;
3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
4. That judgment be entered against Defendants for actual damages pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39;
5. That judgment be entered against Defendants for punitive damages pursuant to N.J. Stat. §C.56:11-38;
6. That the Court award costs and reasonable attorney's fees pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39; and
7. That the Court grant such other and further relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

<u>/s/ Kenny G. Oh</u>
Kenny G. Oh, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
Fax: (877) 366-4747
kenny.o@gitmeidlaw.com
Attorneys for Plaintiff